UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEORGE PIERCE,

                                            Plaintiffs,

-against-

THE CITY OF NEW YORK, JAMES P. O'NEILL Commissioner of the New York City Police Department, and POLICE OFFICER "JOHN" FRANCIS, SHIELD #962411 of the 44th Police Precinct, POLICE OFFICER MEGAN BOYER, SHIELD NO.: 24530, DETECECTIVE STEVEN RAMUNNO, SHIELD NO.: 5143, POLICE OFFICER RICHARD CASTELLANO, SHIELD NO.: 25087, POLICE OFFICER MARLENY FELIPE, SHIELD NO.: 5307 and POLICE OFFICER XAVIER PEREZ, SHIELD NO.: 10454,

                                            Defendants.

**AMENDED COMPLAINT**

DOCKET NO.:19 CIV 2405 (LAK)(SLC)

**JURY TRIAL DEMANDED**

### Preliminary Statement

1. This is a civil rights action brought to vindicate the plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, and under the Civil Rights Act, 42 U.S.C. §1983 and the laws of the State of New York. Plaintiff's GEORGE PIERCE'S rights were violated when on August 11, 2018 and at times prior thereto and thereafter in Bronx County, Defendants and specifically POLICE OFFICER "JOHN" FRANCIS, SHIELD #962411 of the 44th Police Precinct, POLICE OFFICER MEGAN BOYER, SHIELD NO.: 24530, DETECECTIVE STEVEN RAMUNNO, SHIELD NO.: 5143, POLICE OFFICER RICHARD CASTELLANO, SHIELD NO.: 25087, POLICE OFFICER MARLENY FELIPE, SHIELD NO.: 5307 and POLICE OFFICER XAVIER PEREZ, SHIELD NO.: 10454, who are white and had a history of taunting and embarrassing Plaintiff, acting under color of state law, forcibly seized Plaintiff, who is African-American, without any justification or

1

hint of criminal activity, falsely informed Plaintiff that there was a warrant for his arrest, handcuffed Plaintiff, locked Plaintiff in a jail cell continuing the unlawful detention and perjured themselves by falsely swearing out a summons which fabricated criminal charges against Plaintiff to justify the false arrest, detention and imprisonment, which summons was rejected by the Courts and dismissed. By reason of defendants' actions, including their racial profiling and racial animus, their false arrest, false imprisonment and malicious prosecution, Plaintiff was deprived of his constitutional, statutory and common law rights.

2. Plaintiff seeks an award of compensatory and punitive damages and attorneys' fees.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §1331, 1343. This action is brought pursuant to 42 U.S.C. §1983 and 1988 and the Fourth and Fourteenth Amendments of the Constitution of the United States.

4. Venue is proper pursuant to 28 U.S.C. §1391 (b) in that Plaintiffs' claim arose in the Southern District of New York and Plaintiffs reside in that district.

5. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. §1988.

6. The plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and causes of actions which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

## PARTIES

7. Plaintiff reside and at all times hereinafter mentioned, resided in Bronx County, State of New York.

8. Defendant, THE CITY OF NEW YORK, is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The defendant assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by THE NEW YORK CITY POLICE DEPARTMENT.

9. JAMES P. O'NEILL (O'NEILL) has been the Police Commissioner of the New York City Police Department since September, 2016, and was acting in such capacity at all times relevant herein. He is sued in his official capacity.

3

10. POLICE OFFICER "JOHN" FRANCIS, SHIELD #962411 of the 44th Police Precinct, POLICE OFFICER MEGAN BOYER, SHIELD NO.: 24530, DETECECTIVE STEVEN RAMUNNO, SHIELD NO.: 5143, POLICE OFFICER RICHARD CASTELLANO, SHIELD NO.: 25087, POLICE OFFICER MARLENY FELIPE, SHIELD NO.: 5307 and POLICE OFFICER XAVIER PEREZ, SHIELD NO.: 10454 are and at all times relevant herein were, officers, employees and agents of THE NEW YORK CITY POLICE DEPARTMENT. The Individual Defendants are is being sued herein in their individual and official capacities.

11. At all times relevant herein, the Individual Defendants was acting under color of state law in the course and scope of his duties and functions as agents, servants, employees and officers of The New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. Hew were acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT at all times relevant herein, with the power and authority vested in him as an officer, agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and incidental to the lawful pursuit of their duties as officers, employees and agents of THE NEW YORK CITY POLICE DEPARTMENT.

## NOTICE OF CLAIM

12. Plaintiffs, with the permission of the Bronx County Supreme Court, timely filed a Notice of Claim with the Comptroller of the City of New York on October 29, 2018.

4

13. THE CITY OF NEW YORK assigned claim numbers to plaintiff's claims, *to wit*, claim number 2018PI031521. An examination pursuant to General Municipal Law section 50-h was held on December 27, 2018.

14. The events upon which this action is based occurred on August 11, 2018 through and including October 24, 2018 when all criminal charges against Plaintiffs were dismissed.

### STATEMENT OF FACTS

15. Plaintiff is an African-American. Plaintiff was, at the time of the incident, and is employed as a driver and delivery person for Mid Bronx Senior Meals on Wheels.

16. On August 11, 2018, Defendants POLICE OFFICER "JOHN" FRANCIS, SHIELD #962411 of the 44th Police Precinct, POLICE OFFICER MEGAN BOYER, SHIELD NO.: 24530, DETECECTIVE STEVEN RAMUNNO, SHIELD NO.: 5143, POLICE OFFICER RICHARD CASTELLANO, SHIELD NO.: 25087, POLICE OFFICER MARLENY FELIPE, SHIELD NO.: 5307 and POLICE OFFICER XAVIER PEREZ, SHIELD NO.: 10454 approached Plaintiff in front of Plaintiff's residence at 1128 Findlay Avenue in Bronx County. On prior occasions one or more of these Defendant had uttered verbal taunts towards Plaintiff and had embarrassed Plaintiff simply because of Plaintiff was black.

5

17. At approximately 11:30 P.M., POLICE OFFICER "JOHN" FRANCIS, SHIELD #962411 of the 44th Police Precinct, POLICE OFFICER MEGAN BOYER, SHIELD NO.: 24530, DETECECTIVE STEVEN RAMUNNO, SHIELD NO.: 5143, POLICE OFFICER RICHARD CASTELLANO, SHIELD NO.: 25087, POLICE OFFICER MARLENY FELIPE, SHIELD NO.: 5307 and POLICE OFFICER XAVIER PEREZ, SHIELD NO.: 10454 began harassing three men who were talking to Plaintiff.

18. One of the individual Defendants asked Plaintiff why he was standing there and demanded to see Plaintiff's identification.

19. While the Plaintiff's wife went inside to produce Plaintiff's identification, one of the individual Defendants "ran" Plaintiff's name and falsely stated that there was a warrant for Plaintiff's arrest

20. Despite Plaintiff's denials, Defendants handcuffed Plaintiff and arrested Plaintiff and transported Plaintiff in a police car to a cell in the 44th Precinct.

21. Defendants fingerprinted Plaintiff and had Plaintiff's photograph taken, treating Plaintiff s if he was a common criminal.

22. After several hours, Defendants took Plaintiff out of the cell and handed Plaintiff a pink summons, number 4444472409, in which POLICE OFFICER "JOHN" FRANCIS, SHIELD #962411 accused Plaintiff of acting "disorderly" by standing in front of the building "blocking pedestrian traffic".

6

23. POLICE OFFICER "JOHN" FRANCIS, SHIELD #962411 swore under the penalties of perjury that he personally observed the aforementioned infraction and that his statements were being made under the penalties of perjury.

24. The summons ordered Plaintiff to appear in Bronx Criminal Court on October 24, 2018. On that day, Plaintiff appeared and was informed that the summons had been "rejected" and all charges dismissed.

25. Defendant POLICE OFFICER "JOHN" FRANCIS, SHIELD #962411 and the remining individual Defendants have made it a practice and a habit to stop African Americans, Hispanics and other minorities for no reason other than their ethnicity.

26. The Defendants are and have been aware of the aforementioned policy and practice of Defendant POLICE OFFICER "JOHN" FRANCIS, SHIELD #962411 and other officers and have sanctioned that policy and practice.

27. As of the date of this incident, defendant O'NEILL has failed to implement procedures which were known to defendants that would have eliminated the policy of unlawfully stopping, unlawfully detaining and unlawfully searching African-Americans and other minorities.

28  Defendants' failure to take such measures, was and is unreasonable conduct and violative

of Plaintiff's civil rights as guaranteed by the New York State and United States Constitution.

29   The actions and conduct herein arose from a policy, practice and/or custom in which Defendants, THE CITY OF NEW YORK and O'NEILL knew that the manner in which officers under their control and tutelage were violating citizens' rights in a wholesale fashion in increasing frequency.

30   The actions and conduct herein further arose from a policy, practice and/or custom, in which defendants, THE CITY OF NEW YORK and O'NEILL failed and refused to properly train and supervise police officers with regard to the manner in which they treat and act towards blacks and minorities as opposed to non-minorities.

31   The violation of Plaintiffs' civil rights was far in excess of their rightful authority as NEW YORK CITY POLICE OFFICERS. Those violations on Plaintiffs were made without proper cause.

32   The false arrest, false imprisonment and humiliation and embarrassment of plaintiff by defendants caused plaintiff to sustain pain and suffering and psychological and emotional trauma.

## AS AND FOR A FIRST CAUSE OF ACTION

33  Plaintiff repeats all allegations contained in paragraphs "1" through "32" inclusive with the same force and effect as though more fully set forth herein again at length.

34  The defendants' actions as alleged herein were committed under color of law.

35  The actions, conduct and policies, racial profiling and racial animus, practices and/or customs of defendants as described above, violated plaintiff's rights to be free of an unreasonable search and seizure under the Fourth and Fourteenth Amendments to the United States Constitution and to be free of a deprivation of liberty under the Fourteenth Amendment to the United states Constitution and the Civil Rights act of 1871, Title 42 U.S.C. §1983.

36  As a result of the acts alleged herein, Plaintiffs have been damaged in a sum of not less than Five Hundred Thousand ($500,000.0) Dollars.

## AS AND FOR A SECOND CAUSE OF ACTION

37  Plaintiff repeats all allegations contained in paragraphs "1" through "36" inclusive with the same force and effect as though more fully set forth herein again at length.

9

38  Defendants, their agents, servants and employees were reckless, incompetent, and negligent and acted unreasonably and in bad faith in their unlawful detention, seizure and search of Plaintiffs and their possessions.

39  Pursuant to 28 U.S.C. §1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

40  As a result of defendants' actions, Plaintiffs have been damaged in a sum of not less than Five Hundred Thousand ($500,000.00) Dollars

### AS AND FOR A THIRD CAUSE OF ACTION

41  Plaintiff repeats all allegations contained in paragraphs "1" through "40" inclusive with the same force and effect as though more fully set forth herein again at length.

42  Defendants' acts in the touching and restraining Plaintiffs were willful and malicious with the intent of causing or threatening to cause plaintiffs bodily harm.

43  Pursuant to 28 U.S.C. §1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

44  As a result of defendants' actions, Plaintiffs have been damaged in a sum of not less than Five Hundred Thousand ($500,000.00) Dollars.

## AS AND FOR A FOURTH CAUSE OF ACTION

45  Plaintiff repeats all allegations contained in paragraphs "1" through "44" inclusive with the same force and effect as though more fully set forth herein again at length.

46  During the course of defendants' actions, Defendants intentionally and maliciously prosecuted, forcibly restrained and imprisoned Plaintiffs and prevented them from moving of their own free will.

47  Pursuant to 28 U.S.C. §1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

48  As a result of defendants' actions, plaintiff has been damaged in a sum of not less than Five Hundred Thousand ($500,000.0) Dollars.

## AS AND FOR A FIFTH CAUSE OF ACTION

49  Plaintiff repeats all allegations contained in paragraphs "1" through "48" inclusive with the

same force and effect as though more fully set forth herein again at length.

50  THE CITY OF NEW YORK and its employees, servants and/or agents acting within the scope of their employment did negligently hire, train and supervised defendant POLICE OFFICER "JOHN" FRANCIS, SHIELD #962411 of the 44th Police Precinct , POLICE OFFICER MEGAN BOYER, SHIELD NO.: 24530, DETECECTIVE STEVEN RAMUNNO, SHIELD NO.: 5143, POLICE OFFICER RICHARD CASTELLANO, SHIELD NO.: 25087, POLICE OFFICER MARLENY FELIPE, SHIELD NO.: 5307 and POLICE OFFICER XAVIER PEREZ, SHIELD NO.: 10454 and other unidentified members of THE NEW YORK CITY POLICE DEPARTMENT, who were unfit for the performance of police duties on August 11, 2018 and at other times, at the aforementioned locations.

51  Pursuant to 28 U.S.C. §1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

52  As a result of defendants' actions, plaintiff has been damaged in a sum of not less than Five Hundred Thousand ($500,000.00) Dollars.

## JURY DEMAND

53  Plaintiff hereby demands trial by jury of all issues properly tribal thereby.

## PRAYER FOR RELIEF

**WHISEFORE,** Plaintiff prays for relief as follows:

12

1. This Court issue a declaration that defendants have violated the Plaintiffs' rights under the Fourth and Fourteenth Amendments of the Constitution of the United States and the Civil Rights act of 1871, Title U.S.C. §1983; and

2. That the jury finds, and the Court adjudge and decree that Plaintiff GEORGE PIERCE, shall recover compensatory damages in the sum of not less than Five Hundred Thousand ($500,000.0) Dollars against all defendants jointly and severally.

3. Order the defendants to pay costs and attorney's fees pursuant to 42 U.S.C. §1983; and

4. Require the Defendants to pay Plaintiff punitive damages; and

5. Order any other relief the Court deems appropriate.

Dated: February 4, 2020

*ELLIOT H. FULD*

ELLIOT H. FULD (EHF 8389)
Attorney for the Plaintiff
930 Grand Concourse-Suite 1G
Bronx, New York 10451
(718) 410-4111